1   KAREN P. HEWITT
    United States Attorney
2   RAVEN M. NORRIS
    Assistant U.S. Attorney
3   State of California Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, CA 92101-8893
5   Telephone: (619) 557- 7157
    Facsimile:  (619) 557-5004
6

    Attorney for Petitioner
7

8                    UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

    UNITED STATES OF AMERICA        )   Case No. **08 CV 2101 IEG LSP**
11                                )
                Petitioner,      )   PETITION TO ENFORCE INTERNAL
12      v.                           )   REVENUE SERVICE SUMMONSES
                               )
13                                )     Date:  January 20, 2009
    MARK JOHNSON,                )     Time:  10:30 a.m.
14                                )     Crtrm: 1
                Respondent.     )     The Honorable Irma E. Gonzalez
15   _____ )

16

17        Petitioner, the United States of America, by and through its counsel, Karen P. Hewitt, United

18 States Attorney, and Raven M. Norris, Assistant United States Attorney, petitions the Court for an order

19 to enforce the Internal Revenue Service summonses described below and, in support thereof, alleges as

20 follows:

21        1.      This proceeding is brought at the request of the Chief Counsel, Internal Revenue Service,

22 a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United

23 States.

24        2.      Jurisdiction over these proceedings is conferred upon this Court by Internal Revenue

25 Code 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C.§ 1345.

26        3.      Venue is proper in the Southern District of California because Respondent,

27 Mark Johnson, resides in this district.

28 ///

1    4.    At all times relevant, Miriam Hicks, who issued the summonses to Respondent, was a

2    Revenue Officer with the Internal Revenue Service (hereinafter "IRS"), employed in the Small

3    Business/Self-Employed Division, San Diego, California.   See Declaration of Revenue Officer

4    Miriam Hicks at ¶ 2 (hereinafter "Hicks Decl."). Revenue Officer Hicks was authorized to issue an IRS

5    summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treas. Reg. § 301.7602-1. See id.

6    5.    Respondent resides at 6391 Rancho Mission Road, Unit 5, San Diego, CA 92108, which

7    is within the geographical jurisdiction of this Court.

8    6.    On March 7, 2008, Revenue Officer Hicks issued an IRS summons directing Respondent

9    to appear before her on March 19, 2008, at 11:00 a.m. at 880 Front Street, San Diego, California, to give

10   testimony and to produce documents and records specified in the summons for examination.   The

11   summons relates to the collection of Respondent's unpaid assessed federal income tax liabilities for the

12   tax years 1998 and 2004 (hereinafter "Collection Summons"). Hicks Decl. at ¶ 4. On March 7, 2008

13   Revenue Officer Hicks served the Collection Summons on Respondent, by leaving an attested duplicate

14   copy at Respondent's last and usual place of abode, 6391 Rancho Mission Road, Unit 5, San Diego, CA

15   92108.  Hicks Decl.  at ¶ 5.  A copy of the summons and certificate of service is attached to the

16   Hicks Decl. as Exhibit A.

17   7.    On March 17, 2008, Respondent's representative, Robert H. Hazen, contacted Revenue

18   Officer Hicks and requested additional time for Respondent to comply with the Collection Summons.

19   Hicks Decl. at ¶ 6.   Revenue Officer Hicks agreed to Respondent's request for additional time by

20   granting Respondent until April 11, 2008 to comply with the Collection Summons.   Id.   On

21   April 11, 2008, Respondent did not appear or otherwise provide documents and information requested

22   by the Collection Summons.  Id.

23   8.    On May 19, 2008, attorney Mindy S. Meigs of the Office of Chief Counsel, IRS, sent a

24   letter to the Respondent providing him another opportunity to comply with the summons and directing

25   him to appear before Revenue Officer Hicks on June 25, 2008, at 9:00 a.m. at 880 Front Street, Room

26   3293, in San Diego, California.  Hicks Decl. at ¶ 7; Exhibit C.

27   9.    On June 25, 2008, Respondent did not appear before Revenue Officer Hicks.  However,

28   Respondent's representative, Mr. Hazen, again contacted Revenue Officer Hicks by telephone and

2

1    requested additional time for Respondent to comply with the Collection Summons. Hicks Decl. at ¶ 8.

2    Revenue Officer Hicks agreed to the request and granted Respondent until July 2, 2008 to comply with

3    the Collection Summons. Id. On July 2, 2008, Respondent did not appear in response to the Collection

4    Summons or provide any of the books, papers, records, and other data sought by the summons. Id. To

5    date, Respondent has not provided the IRS with the testimony and documents requested by the

6    Collection Summons. Id.

7         10.    On October 2, 2008, Revenue Officer Hicks issued an additional administrative IRS

8    summons, IRS Form 6638 (hereinafter "Income Tax Return Summons"), directing Respondent to appear

9    before her on October 15, 2008 at 1:00 p.m. at 880 Front Street, San Diego, California, in order to give

10   testimony and produce documents and records specified in the Income Tax Return Summons for

11   examination.  Hicks Decl. at ¶¶ 9, 11. Revenue Officer Hicks issued the additional summons in

12   furtherance of the ongoing investigation and in accordance with 26 U.S.C. § 7602. Id. The Income Tax

13   Return Summons relates to Respondent's failure to file personal income tax return for the tax years 2005

14   through 2007. Id. On October 2, 2008, Revenue Officer Hicks served the Income Tax Return Summons

15   on Respondent, by leaving an attested duplicate copy of the summons at his last and usual place of

16   abode.  Hicks Decl. at ¶ 10. A copy of the summons and certificate of service is attached to the

17   Hicks Decl. as Exhibit B.

18        11.    Respondent did not appear on October 15, 2008, or otherwise provide the documents and

19   information requested by the Income Tax Return summons. Hicks Decl. at ¶ 11.  To date, Respondent

20   has never appeared in response to any of the issued summonses and has failed to produce any documents

21   or information required by the issued summonses.  Hicks Decl. at ¶ 11

22        12.    All administrative steps required by the Internal Revenue Code for the issuance of a

23   summons have been taken. Hicks Decl. at ¶13.

24        13.    In order to obtain judicial enforcement of an IRS summons, the United States bears the

25   initial burden of showing "that the investigation will be conducted for a legitimate purpose, that the

26   inquiry may be relevant to the purpose, that the information sought is not already within the

27   Commissioner's possession, and that the administrative steps required by the Code have been

28   followed..." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac,

1  6 F.3d 1407, 1414 (9th Cir. 1993). The burden on the Government is a "slight one" and may be satisfied

2  by presenting the declaration of the agent who issued the summons and is seeking enforcement. Id.

3  (citing United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990)(other citations omitted)). Once

4  a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of the court's

5  process or lack of institutional good faith. Dynavac, 6 F.3d at 1414. The taxpayer "must allege specific

6  facts and evidence to support his allegations." Liberty Financial Services v. Untied States, 778 F.2d

7  1390, 1292 (9th Cir. 1985) (citation omitted). This matter may be decided on the written record in a

8  summary proceeding. Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at * 2 (E.D. Cal.

9  Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to refute

10 the United States' prima facie case or present facts supporting an affirmative defense. See Fortney v.

11 United States, 59 F.3d 117, 121 (9th Cir. 1995).

12        14.     Revenue Officer Hicks was conducting an investigation to determine Respondent's ability

13 to pay the income tax liabilities assessed against him for the tax years 1998 and 2004, and to determine

14 Respondent's income tax liabilities for the years 2005, 2006, and 2007. Hicks Decl. at ¶ 3.

15        15.     The Internal Revenue Code specifically allows the issuance of a summons for the purpose

16 of "determining the liability of any person for any internal revenue tax...or collecting any such

17 liability..." 26 U.S.C. § 7602(a). Therefore, Revenue Officer Hicks' investigation is being conducted

18 pursuant to a legitimate purpose specifically authorized by statute.

19        16.     Further, the books, papers, records, or other data sought by the Collection Summons and

20 Income Tax Return Summons are not already in the possession of the IRS, and the administrative steps

21 required by the Code, including proper service, have been followed. Hicks Decl. at ¶¶ 12-13

22        17.     Respondent is in possession and control of testimony and documents concerning the

23 above-described investigation.

24        18.     The Internal Revenue Code permits the Secretary to summon the records of any person

25 "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well-settled that

26 to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the

27 summoned information may "throw light" on the subject of the investigation. United States v. Arthur

28 Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold

4

1  because of the inherent difficulties in ascertaining, prior to examination, how much use the summoned

2  records will be in determining the collectibility of a person's tax liability and whether a person has an

3  income tax liability for a specific period. The Supreme Court has observed that:

4       [a]s the language of §7602 clearly indicates, an IRS summons is not to be judged
        by the relevance standards used in deciding whether to admit evidence in federal

5       court . . . . The language "may be" reflects Congress' express intention to allow
        the IRS to obtain items of even potential relevance to an ongoing investigation,

6       without reference to its admissibility. The purpose of Congress is obvious: the
        Service can hardly be expected to know whether such data will in fact be relevant

7       until they are procured and scrutinized.

8  Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low

9  threshold of relevance also follows from the language of the Code, which authorizes the investigation

10  of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

11       19.    Under the instant circumstances, it is clear that the summoned material is relevant. One

12  purpose of Revenue Officer Hicks' investigation is to determine the ability of Respondent to pay the

13  income tax liabilities assessed against him for tax years 1998 and 2004. The Collection Summons seeks,

14  among other things, a " . . . all bank statements, checkbooks, canceled checks, savings account

15  passbooks, records, or certificates of deposit. . ." Hicks Decl. at Exhibit A. The documents sought by

16  this summons are clearly relevant to the determination of the collectibility of the income taxes assessed

17  against him for tax years 1998 and 2004. Hicks Decl. at ¶ 14. Further, Revenue Officer Hicks'

18  investigation must also determine the amount of Respondent's individual income tax liabilities for the

19  years 2005, 2006, and 2007. The Income Tax Return Summons seeks documents and testimony about

20  the amount and sources of income Respondent received during 2005, 2006, and 2007. Hicks Decl. at

21  Exhibit B. The documents sought by this summons are clearly relevant to the determination of

22  Respondent's income tax liabilities for the years 2005, 2006, 2007. Hicks Decl. at ¶ 14.

23       20.    There is no Department of Justice referral for criminal prosecution in effect with respect

24  to Respondent. Hicks Decl. at ¶ 15.

25       WHEREFORE, the United States requests that:

26       1.     The Court enter an order directing Respondent, Mark Johnson, to show cause, if any, why

27  he should not comply with and obey the above-described summonses (Hicks Decl. at Exhibits A-B)

28  served on him on March 7, 2008, and on October 2, 2008, and each and every requirement thereof, by

5

1   ordering the attendance, testimony, and production of books, papers, records, and other data required

2   and called for by the terms of the summonses before Revenue Officer Miriam Hicks, or any other proper

3   officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue

4   Officer Hicks or any other proper officer or employee of the Internal Revenue Service.

5       2.      That the United States recover the costs and expenses incurred in maintaining this action

6   against the Respondent.

7       3.      That the Court grant such other and further relief as may be required.

8

9           Dated: November 14, 2008                    Respectfully submitted,

10                                                       KAREN P. HEWITT
                                                         United States Attorney
11

12                                                       RAVEN M. NORRIS
13                                                       Assistant U.S. Attorney
                                                         Email: Raven.Norris@usdoj.gov
14                                                       Attorneys for Petitioner

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



# Summons

## Collection Information Statement

**In the matter of** _Mark Johnson 6391 Rancho Mission Rd Unit 5 San Diego, CA 92108_
**Internal Revenue Service** *(Identify Division)* _Small Business/Self Employed_
**Industry/Area** *(Identify by number or name)* _Small Business/Self Employed - California Area_
**Periods:** _Form 1040, U.S. Individual Income Tax Return for periods ending: December 31, 1998 and December 31, 2004._

**The Commissioner of Internal Revenue**

**To:** _Mark Johnson_
**At:** _6391 Rancho Mission Rd Unit 5, San Diego, CA 92108-2021_

You are hereby summoned and required to appear before _M.Hicks_, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From _09/01/2007_ To _03/15/2008_

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

---

### Do not write in this space

---

**Business address and telephone number of IRS officer before whom you are to appear:**

_880 Front Street, Rm 3293, San Diego, CA 92101-8869  619-615-9579_

**Place and time for appearance: At** _880 Front Street, Rm 3293, San Diego, CA 92101-8869_

# IRS

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 6637 (Rev.4-2005)
Catalog Number 25000Q

on the _19TH_ day of _March_ , _2008_ at _11:00_ o'clock _A_ m.

Issued under authority of the Internal Revenue Code this _7TH_ day of _MARCH_ , _2008_

_(signature)_
Signature of issuing officer

_____
Signature of approving officer *(if applicable)*

_Revenue Officer_
Title

_____
Title

**Original – to be kept by IRS**



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

**I certify that I served the summons shown on the front of this form on:**

| Date | Time |
|------|------|
| 3-7-2008 | 4.40 pm |

**How**  ☐  I handed an attested copy of the summons to the person to whom it was directed.

**Summons**

**Was**  ☑  I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed.  I left the copy with the following person *(if any)*.

**Served**

| Signature | Title |
|-----------|-------|
| *[signature]* | Revenue Officer |

**I certify that the copy of the summons served contained the required certification.**

| Signature | Title |
|-----------|-------|
| *[signature]* | Revenue Officer |

Catalog No. 25000Q

Form **6637** (Rev. 4-2005)



# Summons

## Collection Information Statement

**In the matter of** Mark Johnson 6391 Rancho Mission Rd Unit 5 San Diego, CA 92108
**Internal Revenue Service** *(Identify Division)* Small Business/Self Employed
**Industry/Area** *(Identify by number or name)* Small Business/Self Employed - California Area
**Periods:** Form 1040, U.S. Individual Income Tax Return for periods ending: December 31, 1998 and December 31, 2004.

### The Commissioner of Internal Revenue

**To:** Mark Johnson
**At:** 6391 Rancho Mission Rd Unit 5, San Diego, CA 92108-2021

You are hereby summoned and required to appear before M.Hicks, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest.  These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From 09/01/2007 To 03/15/2008

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement.  We have attached a blank statement to guide you in producing the necessary documents and records.

### Do not write in this space

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____
Signature of IRS Official Serving the Summons

Revenue Officer, 33-09093
Title

**Business address and telephone number of IRS officer before whom you are to appear:**

880 Front Street, Rm 3293, San Diego, CA 92101-8869  619-615-9579

**Place and time for appearance at:** 880 Front Street, Rm 3293, San Diego, CA 92101-8869

## IRS

on the 19TH day of March , 2008 at 11:00 o'clock A m.

Issued under authority of the Internal Revenue Code this 7th day of March , 2008

**Department of the Treasury**
**Internal Revenue Service**
**www.irs.gov**

Form 6637 (Rev.4-2005)
Catalog Number 25000Q

_____
Signature of Issuing Officer

Revenue Officer
Title

_____
Signature of Approving Officer *(if applicable)*

_____
Title

**Part A – to be given to person summoned**



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a)Authority to Summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.--The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.--

(1) General Notice.--An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts.--The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions.--This subsection shall not apply--

(A) to any contact which the taxpayer has authorized;

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.

(1) Limitation of authority.--No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect.--For purposes of this subsection--

(A) In general.--A Justice Department referral is in effect with respect to any person if--

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination.--A Justice Department referral shall cease to be in effect with respect to a person when--

(i) the Attorney General notifies the Secretary, in writing, that--

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately.--For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.--The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

- **Authority to examine books and witnesses is also provided under sec. 6420(e)(2), 6421(g)(2)--Gasoline used on farms; sec. 6421(g)(2)--Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)--Fuels not used for taxable purposes.**

- **This summons is exempt from the notice requirement of sec. 7609(a) by sec. 7609(c)(2)(D).**

\* \* \* \* \*

## Sec. 7603. Service of summons

(a) In general.--A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.--

(1) In general.--A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party recordkeeper.--For purposes of paragraph (1), the term *third-party recordkeeper* means--

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner* for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, It shall be the duty of the judge or commissioner* to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner* shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

*Or United States magistrate, pursuant to P. L. 90-578

\* \* \* \* \*

## Sec. 7605. Time and place of examination

(a) Time and place.--The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general.--The Secretary shall by regulations establish the rates and conditions under which payment may be made of--

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.--No payment may be made under paragraph (2) of subsection (a) if--

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records. or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.--This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602 , 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

# Exhibit B



# Summons

In the matter of  **Mark Johnson, 6391 Rancho Mission Rd Unit 5, San Diego, CA  92108-2021**

Internal Revenue Service (Division):  **Small Business/Self Employed**

Industry/Area (name or number):  **Small Business/Self Employed - California Area**

Periods:  **Form 1040, U.S. Individual Income Tax Return for calendar years ended: December 31, 2005, December 31, 2006, and December 31, 2007.**

## The Commissioner of Internal Revenue

To:   **Mark Johnson**

At:    **6391 Rancho Mission Rd Unit 5, San Diego, CA  92108**

You are hereby summoned and required to appear before M.Hicks, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents and records in your possession or control reflecting the receipt of taxable income by you for the year(s) **2005, 2006, and 2007** including but not limited to: statement of wages for the year(s) **2005, 2006, and 2007** ., statements regarding interest or dividend income for the year(s) **2005, 2006, and 2007.**; employee earnings statements for the year(s) **2005, 2006, and 2007.**; records of deposits to bank accounts during the year(s **2005, 2006, and 2007**).; and any and all other books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services (including gains from dealings in property, interest, rental, royalty and dividend income, alimony, annuities, income life insurance policies and endowment contracts, pensions, income from the discharge of indebtedness, distributive shares of partnership gross income, and income from an estate or trust), so that Federal Income Tax liability for the year(s **2005, 2006, and 2007**). (for which year(s) no return have been made) may be determined.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

  880 Front Street, Rm 3295, San Diego, CA  92101-8869   619-615-9579

**Place and time for appearance at**     880 Front Street, Rm 3295, San Diego, CA  92101-8869

# IRS
Department of the Treasury
**Internal Revenue Service**
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

on the  **15th** day of  **October** ,  **2008**  at  **1:00**  o'clock **P** m.

Issued under authority of the Internal Revenue Code this **2nd** day of **October** , **2008**

| | |
|---|---|
| _M. Hicks_ | **Revenue Officer** |
| Signature of Issuing Officer | Title |
| | |
| Signature of Approving Officer *(if applicable)* | Title |

**Original → to be kept by IRS**



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 10/02/2008 | 9:00 am |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):_____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address:_____

| Signature | Title |
|-----------|-------|
| M. Hick | Revenue Officer |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time:_____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summonsed.

☑ No notice is required.

| Signature | Title |
|-----------|-------|
| M. Hick | Revenue Officer |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  |  |

Form **2039** (Rev. 12-2001)



# Summons

In the matter of  **Mark Johnson, 6391 Rancho Mission Rd Unit 5, San Diego, CA  92108-2021**

Internal Revenue Service (Division): **Small Business/Self Employed**

Industry/Area (name or number): **Small Business/Self Employed - California Area**

Periods: **Form 1040, U.S. Individual Income Tax Return for calendar years ended: December 31, 2005, December 31, 2006, and December 31, 2007.**

## The Commissioner of Internal Revenue

To:  **Mark Johnson**

At:  **6391 Rancho Mission Rd Unit 5, San Diego, CA  92108**

You are hereby summoned and required to appear before M.Hicks, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents and records in your possession or control reflecting the receipt of taxable income by you for the year(s) **2005, 2006, and 2007,**, including but not limited to: statement of wages for the year(s) **2005, 2006, and 2007,**, statements regarding interest or dividend income for the year(s) **2005, 2006, and 2007 ,**; employee earnings statements for the year(s) **2005, 2006, and 2007** records of deposits to bank accounts during the year(s) **2005, 2006, and 2007,**; and any and all other books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services (including gains from dealings in property, interest, rental, royalty and dividend income, alimony, annuities, income life insurance policies and endowment contracts, pensions, income from the discharge of indebtedness, distributive shares of partnership gross income, and income from an estate or trust), so that Federal Income Tax liability for the year(s) **2005, 2006, and 2007,** (for which year(s) no return have been made) may be determined.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_M. Hicks_
Signature of IRS Official Serving the Summons

**Revenue Officer, 33-09093**
Title

**Business address and telephone number of IRS officer before whom you are to appear:**

 880 Front Street, Rm 3295, San Diego, CA  92101-8869   619-615-9579

**Place and time for appearance at:**   880 Front Street, Rm 3295, San Diego, CA  92101-8869

# IRS
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

on the  15th  day of  October  ,  2008  at  1:00  o'clock  P  m.

Issued under authority of the Internal Revenue Code this  2nd  day of  October  , 2008

_M. Hicks_
Signature of Issuing Officer

**Revenue Officer**
Title

Signature of Approving Officer *(if applicable)*

Title

**Part A -- to be given to person summoned**



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.—The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.—

(1) General Notice.—An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts.—The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions.—This subsection shall not apply—

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.—

(1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect.—For purposes of this subsection—

(A) In general.—A Justice Department referral is in effect with respect to any person if—

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination.—A Justice Department referral shall cease to be in effect with respect to a person when—

(i) the Attorney General notifies the Secretary, in writing, that—

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately.—For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination of unreported income.—The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)-Gasoline used on farms; sec. 6421(g)(2)-Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)-Fuels not used for taxable purposes.

\* \* \* \* \*

## Sec. 7603. Service of summons

(a) In general.—A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.—

(1) In general.—A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party recordkeeper.—For purposes of paragraph (1), the term *third-party recordkeeper means*—

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.—Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

---
[1] Or United States magistrate, pursuant to P. L. 90-578.

## Sec. 7605. Time and place of examination

(a) Time and place.—The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

\* \* \* \* \*

## Sec. 7610. Fees and costs for witnesses

(a) In general.—The Secretary shall by regulations establish the rates and conditions under which payment may be made of—

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.—No payment may be made under paragraph (2) of subsection (a) if—

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.—This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 12-2001)

# Exhibit C



**OFFICE OF
CHIEF COUNSEL**

**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
701 B STREET, SUITE 901
SAN DIEGO, CALIFORNIA 92101
(619) 557-6014
FAX: (619) 557-6581**

MAY 1 9 2008

CC:SB:8:SD:MSMeigs
GL-121827-08

**VIA UNITED PARCEL SERVICE (UPS)**

Mark Johnson
6391 Rancho Mission Road, Unit 5
San Diego, California 92108

Re:  **Internal Revenue Service Summons**

Dear Mr. Johnson:

The Internal Revenue Service has notified our office that you did not comply with the provisions of the Summons (copy enclosed) served on you on March 7, 2008. As of the date of this letter, you still have failed to comply with this Summons.

The Summons was issued and served under the authority of Interval Revenue Code § 7602 and judicial enforcement action is provided for under Internal Revenue Code § 7604. Please be advised that legal proceedings will be brought against you in the United States District Court if you do not comply with the Summons.

The purpose of this letter is to provide you with one final opportunity to comply with the Summons before we proceed with enforcement action in the United States District Court. To avoid such enforcement action, you are to appear before the Internal Revenue Service as follows:

| | |
|---|---|
| **Name:** | **Miriam Hicks, Revenue Officer** |
| **Date:** | **June 25, 2008** |
| **Time:** | **9:30 a.m.** |
| **Address:** | **Internal Revenue Service** |
| | **880 Front Street, Room 3293/3295** |
| | **San Diego, CA 92101** |

CC:SB:8:SD:GL-121827-08                        -2-

All statements, books, records or other documents called for in the Summons should be produced at that time.  If you have any questions, please contact me at (619) 744-7120 or Revenue Officer M. Hicks at (619) 615-9579.

Sincerely,

Mindy S. Meigs
Attorney (San Diego)
(Small Business/Self-Employed)

Enclosures:
  Summons (Form 6637)

cc: (via          M. Hicks
Regular          Revenue Officer
Mail w/out       Internal Revenue Service
enclosures)      880 Front Street, Room 3293, San Diego, CA 92101

          Robert H Hazen
          860 Orion Way
          San Marcos, CA  92078

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

The United States of America

**DEFENDANTS**

Mark Johnson

*FILED*

*2008 NOV 14  AM 9: 52*

*CLERK US DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*

*BY _____ DEPUTY*

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Raven M. Norris, Assistant U.S. Attorney;Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

Attorneys (If Known)

**'08 CV 2101 IEG LSP**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345

Brief description of cause:
Petition to Enforce Internal Revenue Summons

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE
11/14/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

