1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,       )     Case No. 08cv2101-IEG (LSP)
                                     )
11           Petitioner,             )     ORDER GRANTING PETITION TO
                                     )     ENFORCE INTERNAL REVENUE
12       v.                          )     SUMMONS
                                     )
13  MARK JOHNSON,                    )
                                     )
14           Respondent.             )
    _____ )
15

16          The government has petitioned the Court for an order enforcing Internal Revenue Service

17  Summonses issued to Respondent Mark Johnson.  On November 19, 2008, the Court issued an order

18  to show cause why the IRS summonses should not be judicially enforced.  On December 18, 2008,

19  the IRS served a copy of the order to show cause upon Respondent's Power of Attorney, Robert

20  Hazen.  The IRS also served a copy of the order to show upon Respondent by mailing copies of the

21  Order and Petition to Enforce to Respondent's last and usual place of abode.  Respondent did not

22  file a response.

23          The hearing was held on the government's petition on January 20, 1009, at 10:30 a.m. The

24  IRS was represented by Assistant United States Attorney Raven M. Norris.  Respondent did not

25  appear.  For the reasons explained herein, the government's petition to enforce the summonses is

26  granted.

27  ///

28  ///

BACKGROUND

On March 7, 2008, Miriam Hicks, a Revenue Agent employed by the Internal Revenue Service ("IRS"), issued an IRS summons to Respondent Mark Johnson ("Respondent"). [Declaration of Revenue Officer Miriam Hicks in Support of Petition, ("Hicks Decl."), ¶ 4.] The IRS is conducting an investigation regarding the personal tax liabilities of Respondent.   The summons relates to the collection of Respondent's unpaid assessed federal income tax liabilities for the tax years 1998 and 2004 (hereinafter "Collection Summons"). [Id.]  On March 7, 2008, the IRS served a copy of the summons on Respondent by leaving an attested duplicate copy at Respondent's last and usual place of abode, 6391 Rancho Mission Road, Unit 5, San Diego, CA 92108. [Id. at ¶ 5.]

The summons ordered Respondent to appear before the IRS on March 19, 2008.  On March 17, 2008, Respondent's representative, Robert H. Hazen, contacted Revenue Officer Hicks and requested additional time for Respondent to comply with the Collection Summons. [Id. at ¶ 6.] Revenue Officer Hicks agreed to Respondent's request for additional time by granting Respondent until April 11, 2008 to comply with the Collection Summons. [Id.]  On April 11, 2008, Respondent did not appear or otherwise provide documents and information requested by the Collection Summons.  Id. On May 19, 2008, the IRS provided Respondent another opportunity to comply with the summonses and directed him to appear before Revenue Officer Hicks on June 25, 2008. [Id. at ¶ 7.] On June 25, 2008, Respondent did not appear before Revenue Officer Hicks but Respondent's representative, Mr. Hazen, again contacted Revenue Officer Hicks by telephone and requested additional time for Respondent to comply with the Collection Summons. [Id. at ¶ 8.]  Revenue Officer Hicks agreed to the request and granted Respondent until July 2, 2008 to comply with the Collection Summons.  Id.  On July 2, 2008, Respondent did not appear in response to the Collection Summons or provide any of the books, papers, records, and other data sought by the summons. [Id.] To date, Respondent has not provided the IRS with the testimony and documents requested by the Collection Summons. [Id.]

On October 2, 2008, in furtherance of the ongoing investigation and in accordance with 26 U.S.C.§ 7602, Revenue Officer Hicks issued an additional IRS summons directing Respondent to

2

appear before her on October 15, 2008, in order to give testimony and to produce for examination the documents and records specified in the new summons.  [Id. at ¶¶ 9, 11] The summons related to Respondent's continuing failure to file personal income tax returns for the tax years 2005, 2006, 2007. [Id.] Revenue Officer Hicks served the summons on Respondent on October 2, 2008, by leaving an attested copy at his last and usual place of abode. [Id. at ¶ 10.] Respondent did not appear and to date, has not provided the documents requested in the summonses. [Id. at ¶ 11.] The books, records, papers, and other data sought by the summonses are not already in the possession of the IRS. [Id.]

On November 14, 2008, the Government petitioned the Court to enforce the summonses.  On November 19, 2008, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summonses.  The IRS served this order to show cause on Respondent on December 18, 2008 and filed proof of service with the Court on January 8, 2009.  Respondent has not filed any written opposition to the Government's petition.

DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose.; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58(1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the sworn declaration of the revenue agent who issued the summons that the Powell requirements

3

1   have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement

2   of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the

3   summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has

4   characterized respondent's burden as a heavy one. Id.

5         The government's petition and Revenue Agent's Hicks' supporting declaration satisfies all

6   four elements of the Powell standard. First, the IRS is conducting investigations with respect to

7   Respondent's continuing failure to file personal income tax returns for the tax years 2005, 2006, and

8   2007 and the collection of unpaid assessed federal tax liabilities for the tax years 1998 and 2004.

9   [Hicks Decl., ¶¶ 4, 9.]  Such investigations are expressly authorized by 26 U.S.C. § 7602(a). The

10  Internal Revenue Code explicitly allows the issuance of summons for the purpose of determining

11  "the liability of any person for any internal revenue tax...or collecting any such liability.."

12  26 U.S.C. § 7602(a). Thus, the summonses were issued for a legitimate purpose.  Second, Revenue

13  Agent Hicks has declared in her affidavit that the information requested by the summonses may be

14  relevant to the IRS determination of Respondent's ability to pay income tax liabilities assessed

15  against him for tax years 1998 and 2004.  [Id. at ¶ 14.]  The information requested may also be

16  relevant to the IRS determination of Respondent's personal tax liability for tax years 2005, 2006,

17  and 2007. [Id.] Third, the IRS does not already possess the papers, records, and other data sought by

18  the summonses issued to Respondent. [Id. ¶ 12.] Finally, the IRS has followed and exhausted all

19  required administrative steps, but Respondent has not complied with the summonses. [Id. at ¶ 13.]

20  Thus, the Government has made a *prima facie* showing that it is entitled to judicial enforcement of

21  the summons.

22                              CONCLUSION

23        For the reasons set forth herein, the government's petition to enforce the IRS summons is

24  GRANTED.  Respondent, Mark Johnson, is directed to appear before IRS Revenue Agent Miriam

25  Hicks or her designee, on ***February 23, 2009, at 9:00 a.m.***, at the offices of the Internal Revenue

26  Service located at 880 Front Street, Suite 3255, San Diego, California, and to produce the documents

27  and give testimony as directed in the summonses.  The United States shall serve a copy of this Order

28                                      4

1   upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is

2   served upon counsel for the United States, or as soon thereafter as possible.  Proof of such service

3   shall be filed with the Clerk of Court as soon as practicable.

4      <u>Respondent is hereby notified that failure to comply with this Order may subject him to</u>

5   <u>sanctions for contempt of court.</u>

6      **IT IS SO ORDERED**

7

8   **DATED:  January 21, 2009**

9

10  **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

5